**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ARCENIO PEREZ,** | : |
| | : |
| | : |
| *Plaintiff,* | : |
| | : |
| **v.** | : **CIVIL ACTION** |
| | : |
| | : **No.** |
| **PENNSYLVANIA OFFICE OF THE** | : |
| **ATTORNEY GENERAL,** | : |
| | : |
| | : |
| *Defendant.* | : |
| | : |

## COMPLAINT

Plaintiff Arcenio Perez, through his attorneys, van der Veen, Hartshorn & Levin, asserts the following Complaint against Defendant Pennsylvania Office of Attorney General for violations of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12111, *et seq.*, and the Pennsylvania Human Relations Act, 42 P.S. §951, *et seq*.

### PARTIES

1. Plaintiff Arcenio Perez (hereinafter, "Plaintiff") is and was at all relevant times an adult residing within Montgomery County, Pennsylvania.

2. Defendant Pennsylvania Office of the Attorney General (hereinafter, "OAG" or "Defendant") is division of the Commonwealth.

### JURISDICTION AND VENUE

3. This action is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12111, *et seq*. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory provisions.

1

4.      Jurisdiction lies over state law claims based on the principals of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

5.      Venue is proper pursuant to 28 U.S.C. §1391(d) given that the events giving rise to this Complaint occurred within the confines of the Eastern District of Pennsylvania.

### FACTS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff formerly worked as a police officer for the Philadelphia Police Department (hereinafter, "PPD")

7.      In or around October 2021, Plaintiff suffered a gunshot injury to his right arm while in the line of duty and subsequently disabled from performing his duties as a police officer.

8.      Plaintiff was separated from the Philadelphia Police Department in January 2025 due to his disability and granted a disability pension, Civil Service Regulation 32 (commonly referred to as a "32" pension).

9.      While the PPD determined that Plaintiff was disabled in the sense that he could not longer perform the duties of an active police officer, the PPD did not make a determination that Plaintiff was disabled from performing other work within his physical limitations.

10.     Following his separation from the PPD, Plaintiff sought to continue his career in law enforcement due to his young age and applied for numerous investigatory positions with the OAG.

11.     On April 26, 2025, Plaintiff was extended a conditional offer of employment for a "Special Agent 2" position with the OAG's Gun Violence Task Force.  Plaintiff was required as a condition of this offer to submit to a medical examination, and was cleared by the OAG's medical professionals to perform the duties of the Special Agent 2 position.

12. The physical limitations that prevented Plaintiff from continuing in his role as a PPD police officer did not similarly prohibit Plaintiff from performing his anticipated role as a Special Agent 2.

13. On June 18, 2025, Plaintiff received notice that the OAG revoked his conditional offer based upon a vague statement that "negative information" was gleaned during his background investigation. No description of what "negative information" was gleaned was provided.

14. Upon information and belief, the OAG engaged in a pattern and practice of refusing to hire applicants with 32 pensions and that was the basis for the withdrawal.

15. Plaintiff is aware of at least one similarly situated individual with a 32 pension who was denied employment in a nearly identical manner.

16. Plaintiff filed a charge with the EEOC complaining of disability discrimination.

17. Plaintiff received a Right to Sue Letter with respect to his initial charge on May 6, 2026.

**COUNT ONE**
**42 U.S.C. §12112(a)**
**FAILURE TO HIRE—DISABILITY**

18. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

19. At all relevant times hereto, Defendant was an "employer" within the meaning of the ADA, 42 U.S.C. §12111(5) and was subject to the requirements of the Act.

20. Plaintiff is an individual who Defendant perceived to have a disability, as defined by the ADA, 42 U.S.C. §12102(1).

21. Plaintiff was at all times a "qualified individual" as defined by 42 U.S.C. §12111(8), as he was capable (with or without reasonable accommodation) to perform the essential

functions of the Special Agent 2 position.  Plaintiff specifically satisfied all criteria with respect to education, skills, and experience.

22.  Defendant denied Plaintiff the Special Agent 2 position as a result of his disability, or as a result of their perceptions of his disability due to his 32 pension.

23.  Defendant's vague and ambiguous explanation as to why Plaintiff's conditional offer was revoked was pretextual.

24.  Upon information and belief, another similarly situated individual was informed by a member of the OAG that Plaintiff's employment with the OAG was being held up due to his 32 pension.

25.  Defendant's conduct constituted discrimination "on the basis of disability" in connection with job application procedures and hiring in violation of 42 U.S.C. §12112(a).

26.  As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to lost wages and benefits, lost earning capacity, emotional distress and humiliation, and other compensatory damages permitted by law.

27.  Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. §1981a.

**COUNT TWO**
**PENNSYLVANIA HUMAN RIGHTS ACT**
**DISABILITY DISCRIMINATION**

28.  Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

29.  At all relevant times hereto, Plaintiff suffered from a disability and/or was perceived by the OAG as suffering from a disability.  Neither prohibited Plaintiff fully performing the job functions of the Special Agent 2 role.

30.    Plaintiff's offer of employment with the OAG was revoked under the pretextual guise of negative information gleaned from his background investigation, when in fact it was the result of his 32 pension.

31.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to lost wages and benefits, lost earning capacity, emotional distress and humiliation, and other compensatory damages permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1.    Enter judgment in favor of Plaintiff and against Defendant for violation of his rights under the ADA and the PHRA;

2.    Declare that the actions of Defendant constituted unlawful discrimination;

3.    Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, lost earning capacity, emotional distress and humiliation, and other compensatory damages permitted by law.

4.    Award Plaintiff punitive damages for Defendant's violations of ADA not only for the egregious nature of the wrong Defendant did to Plaintiff, but additionally to deter Defendant from such imperious conduct in the future in such amount as the Court deems proper;

5.    Award Plaintiff his costs, attorneys' fees, and non-taxable expenses in this action; and

6.    Grant Plaintiff such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

5

Date: August 3, 2026  By:   /s/ Kaitlin C. McCaffrey
            Kaitlin C. McCaffrey
            I.D. No. 329960
            Attorney for Plaintiff
            1219 Spruce Street
            Philadelphia, PA 19107
            P: (215) 546-1000
            F: (215) 546-8529
            E: kmccaffrey@mtvlaw.com

6